**MIDLAND INTERNATIONAL CORPORATION**

v.

**UNITED STATES.**

**C.D. 3715; Protest 65/25841–1150.**

United States Customs Court, Second Division.

Feb. 18, 1969.

Frederick W. Hess, Kansas City, Mo., for plaintiff.

William D. Ruckelhaus, Asst. Atty. Gen. (Bernard J. Babb, New York City, trial atty.), for defendant.

Before RAO and FORD, Judges.

FORD, Judge:

This is an action brought by the timely filing of a protest pursuant to section 514, Tariff Act of 1930, as amended, wherein plaintiff contests the classification under item 685.90, Tariff Schedules of the United States,[1] of certain connectors, phone jacks, phone plugs, miniature plugs and jacks, phono plugs and jacks, and similar equipment and consequent assessment with duty at the rate of 17.5 per centum ad valorem.

Plaintiff contends that the imported connectors, jacks and plugs, etc., which are used in electronic circuits, are not of the class or kind intended to be encompassed by item 685.90, *supra,* which covers electrical power circuits. Therefore, plaintiff argues, said merchandise is properly subject to duty at the rate of 15 per centum ad valorem under the provisions contained in item 685.50, Tariff Schedules of the United States.[2]

The record establishes without contradiction that the involved plugs, jacks and connectors are generally used for making connections in communication equipment, phonographs, television, radio receiving equipment, dictating machines, tape recorders, microphones, speakers, and various low frequency such as audio-frequency or low-current electronic applications.

The construction of the items makes their use limited to such application, and use in a power circuit would be dangerous since they are not insulated enough

---

1. Electrical switches, relays, fuses, lightning arresters, plugs, receptacles, lamp sockets, terminals, terminal strips, junction boxes and other electrical apparatus for making or breaking electrical circuits, for the protection of electrical circuits, or for making connections to or in electrical circuits; switchboards (except telephone switchboards) and control panels; all the foregoing and parts thereof .......................................... 17.5% ad val.

2. Radiotelegraphic and radiotelephonic transmission and reception apparatus; radiobroadcasting and television transmission and reception apparatus, and television cameras; record players, phonographs, tape recorders, dictation recording and transcribing machines, record changers, and tone arms; all of the foregoing, and any combination thereof, whether or not incorporating clocks or other timing apparatus, and parts thereof:

     *   *   *   *   *   *   *   *   *   *   *

Other ................................................ 15% ad val.

to sustain ordinary household electrical power. A low powered circuit was considered by the witnesses as not having over one half ampere. Witness Krahenbuhl denied the imported article consisted of any of the articles named in item 685.90, *supra*.

It is axiomatic that a classification carries with it a presumption of correctness which may be overcome by competent evidence which establishes the incorrectness of the classification and the correctness of the claimant. United States v. John A. Steer Co., 46 CCPA 132, C.A.D. 715.

In order to overcome this twofold burden, plaintiff has adduced the testimony of two well-qualified technical witnesses who have established to our satisfaction that the imported articles are used in low frequency and low current circuits, such circuits being known as audio circuits. A careful reading of item 685.90 establishes to our satisfaction that all of the articles enumerated therein are for use in power circuits. Merchandise such as involved herein is not *ejusdem generis* with such articles and would in fact be dangerous for use in power application. Accordingly, we are in agreement with plaintiff that the classification herein is erroneous.

The question of whether plaintiff has established the correctness of its claim presents another problem. Item 685.50 has been the subject of decision in Arthur J. Humphreys, Packard-Bell Electronics, v. United States, 59 Cust. Ct. 231, C.D. 3128, wherein certain wood cabinets, completed for use with radio-phonograph combinations, were held properly classifiable under said item 685.-50 rather than as furniture as provided for in item 727.35. With respect to item 685.50, we made the following statement:

> We conclude that the tariff description "Other" in item 685.50 was intended to cover any importations, whether complete articles or parts, encompassed by the superior heading,

but not specifically enumerated in the several subordinate tariff descriptions.

In the case at bar, we have merchandise which according to the record is used in audio circuits and may be used to connect microphones, speakers, earphones, radio receivers, tape recorders, record players, dictating equipment, tone arms, transcribing equipment and similar equipment. A reading of the superior heading covers such merchandise. However, a rate is provided for each of said articles and for parts. It is obvious that the imported connectors, jacks and plugs are not any of the articles *eo nomine* provided for in the superior heading. This leaves only the question of "parts" open for consideration.

Notwithstanding the testimony that the imported articles once attached to the equipment became parts thereof, and that said equipment would not function without them, when so attached, we must conclude said items are parts under the principles enunciated in United States v. Antonio Pompeo, 43 CCPA 9, C.A.D. 602. However, the record is barren of evidence that any one of the articles is "solely or chiefly used as a part of such article" as prescribed by the General Interpretative Headnote Rule 10 (ij). The most that may be adduced is that said articles may be chiefly used in many or all of said articles enumerated above. It is to be noted that different rates of duty are prescribed for the several articles and parts. Since the provisions for parts are specifically enumerated in the various subheadings, the provision "Other" contained in item 685.50 could not encompass said articles as parts nor would it cover such articles as are specifically enumerated in the subordinate tariff description.

Since there is no other claim contained in the protest, we have no alternative but to overrule the protest without affirming the classification.

Judgment will be entered accordingly.

RAO, C. J., concurs.