58 CCPA

### The UNITED STATES, Appellant,

### v.

### GENERAL ELECTRIC COMPANY, Appellee.

### No. 5383.

United States Court of Customs and Patent Appeals.

May 13, 1971.

---

William D. Ruckelshaus, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Joseph I. Liebman, New York City, for the United States.

Barnes, Richardson & Colburn, New York City, attorneys of record, for appellee; E. Thomas Honey and Peter J. Fitch, New York City, of counsel.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and JONES, Judge, United States Court of Claims, sitting by designation.

ALMOND, Judge.

The United States, defendant below, appeals from the decision and judgment of the United States Customs Court, Second Division,[1] which held that the imported earphones and jacks were improperly classified by the District Director of Customs at the port of Buffalo, New York. The earphones were classified under item 684.70 of the Tariff Schedules of the United States (TSUS) as headphones, and were assessed with duty at

15 per centum ad valorem. The jacks were classified as electrical apparatus for making or breaking electrical circuits or making connections in electrical circuits under item 685.90, TSUS, and assessed with duty at 17.5 per centum ad valorem.

The importer, appellee, claimed that both the earphones and jacks were properly classifiable as other parts of radio reception apparatus pursuant to item 685.22, TSUS, dutiable at 12.5 per centum ad valorem, or as electrical articles and electrical parts of articles, not specially provided for, pursuant to item 688.40, TSUS, dutiable at 11.5 per centum ad valorem. The court below sustained appellee's claim under item 685.22 without considering the alternative claim.[2]

In seeking to sustain the classification by the District Director under item 685.90, TSUS, the United States argues that, assuming that the jacks are also parts of radio reception apparatus, General Interpretative Rule 10(ij) of the General Headnotes and Rules of Interpretation, TSUS, provides that a provision for parts of an article does not prevail over a specific provision for such a part. Upon this premise, appellant contends that as to the jacks item 685.90 is such a "specific" provision in that it provides for "other electrical apparatus for making or breaking electrical circuits."

In support of the judgment of the Customs Court, appellee bases its contention primarily upon two grounds:

1—That the indicia of Congressional intent in drafting Item 685.90, TSUS, including the indicia cited by the appellant in its brief, clearly indicate that the articles provided for in that provision are articles specif-

1. General Electric Co. v. United States, 63 Cust.Ct. 140, C.D. 3887 (1969).

2. The United States does not here contest, and therefore admits, the correctness of the decision below insofar as it relates to the earphones. Accordingly,

this appeal is limited solely to the question of the classification of the jacks involved in protest 65/25050. Since the appeal involving the earphones is properly before us, the judgment below relating thereto is affirmed.

ically designed and intended for use in electrical power circuits, rather than articles used in low frequency audio circuits; and

2—That even if Item 685.90, TSUS, is not limited to articles designed for use in power circuits, the jacks at issue are still properly classifiable under Item 685.22, TSUS, because that item more specifically describes said jacks, and because Item 685.22 has requirements which are more difficult to satisfy than the requirements for classification under Item 685.90.

The statutes involved are:

Tariff Schedules of the United States:

*Classified*

Item 685.90 Electrical switches, relays, fuses, lightning arresters, plugs, receptacles, lamp sockets, terminals, terminal strips, junction boxes and other electrical apparatus for making or breaking electrical circuits, for the protection of electrical circuits, or for making connections to or in electrical circuits; switchboards (except telephone switchboards) and control panels; all the foregoing and parts thereof .................. 17.5% ad val.

*Claimed*

Radiotelegraphic * * *; radio-broadcasting * * * and reception apparatus, and parts thereof: * * *

Item 685.22 Other .... 12.5% ad val.

General Headnotes and Rules of Interpretation:

10. *General Interpretative Rules:*

For the purpose of these schedules—
* * * * * *

(c) an imported article which is described in two or more provisions of the schedules is classifiable in the provision which most specifically describes it; but, in applying this rule of interpretation, the following considerations shall govern:

(i) a superior heading cannot be enlarged by inferior headings indented under it but can be limited thereby;

(ii) comparisons are to be made only between provisions of coordinate or equal status, i. e., between the primary or main superior headings of the schedules or between coordinate inferior headings which are subordinate to the same superior heading;

* * * * * *

(ij) a provision for "parts" of an article covers a product solely or chiefly used as a part of such article, but does not prevail over a specific provision for such part.

The parties hereto are in substantial agreement as to the issues presented, viz.:

1. Whether the Customs Court erred in finding that Item 685.90, TSUS, is limited to articles used in power circuits, as opposed to articles used in low frequency audio circuits.

2. Whether, for other reasons, the radio jacks at issue are properly classifiable under Item 685.22, regardless of whether or not Item 685.90 is restricted to power circuit apparatus, as reasoned and held by the Customs Court.

Appellee, plaintiff below, introduced two witnesses. Appellant offered no testimony. One of appellee's witnesses, William L. Ferrigno, who held a B.S. degree in electrical engineering, was employed by the Radio Receiver Department of the Consumer Electronics Division of the General Electric Company and had served that company as a design engineer and manager of product planning and market research. He testified that the imported jacks were used to convey electric signal information to the earphones and were not constructed for use in an electrical power circuit. Ferrigno distinguished the imported items from "electrical switches, relays, fuses, lightning arresters, plugs, receptacles" or "other electrical apparatus for making or breaking electrical circuits." The

basis of this distinction was that these articles were used in connection with electricity as a power source, while the instant jacks dealt with electricity only in the nature of a carrier of signals or intelligence in an audio circuit. The witness stated that in a broad sense the jack completed a circuit within the radio and acted as a connector therein.

On the basis of this testimony, the Customs Court concluded that the imported "jacks" constitute:

> * * * the means whereby the audio signal is carried to the earphones when the latter are inserted in the radio circuit. They are not designed to carry the loads of electrical power associated with the use of electric light and electric motors but rather are designed for the handling and transmission of audio signals. The * * * jacks are imported for use in radios made by the General Electric Company.

With reference to the above-noted aspects, the court found the jacks in issue to be similar to the articles dealt with in Midland International Corporation v. United States, 62 Cust.Ct. 164, C.D. 3715 (1969). The holding in *Midland* was that the items enumerated in item 685.90 were intended for use in power circuits and did not cover items suitable for use only in low current audio circuits.

Having held that General Electric had shown the original classification to be erroneous, the Customs Court further held that the company had proven the classification for which it contended, namely, that the goods in issue were parts of radio reception apparatus. In assaying the testimony adduced by appellee, that court concluded that the testimony established that the importations, both earphones and jacks, are designed for use in radios; that the jacks are, at all times, essential to the functioning of the radio while the earphones are essential to use when attached; and that both of these articles are parts of radio reception apparatus.

Appellant argues that, since item 685.-90 contains no express words limiting the application of the enumerated devices to "power" electrical circuits as distinguished from "audio" circuits, it was error for the court below to so construe the statute. In aid of this contention, appellant relies on dictionary definitions and certain encyclopedic, scientific and technological commentaries as well as the 1955 Brussels Nomenclature and explanatory notes relating thereto.

After a consideration of the language of item 685.90, the background materials cited in aid of construction of that item, and the arguments of counsel, we are not persuaded of reversible error in the decision of the Customs Court. We cannot agree with appellant's argument that rule 10(ij) requires that the provision of item 685.90 for "other electrical apparatus for making or breaking electrical circuits" must prevail over the provision for parts of radio reception apparatus in item 685.22. This is because we think the Customs Court was correct in its holding that the imported jacks, used in low current audio circuits, are not specifically provided for in item 685.90 since the items enumerated therein all relate to electrical power circuits.

We also think it pertinent to observe here that a seemingly broad descriptive tariff term is not to be taken as encompassing every article which may literally come within that term but rather only those articles of the type intended by Congress in enacting the TSUS. United States v. Andrew Fisher Cycle Co., 426 F.2d 1308, 57 CCPA 102, C.A.D. 986 (1970). The jacks in the present case are not, in our opinion, the type of article Congress intended to encompass by item 685.90.

We conclude with the Customs Court that "other electrical apparatus for making or breaking electrical circuits" in item 685.90, TSUS, is not a specific provision for the imported jacks, and that the jacks are properly classifiable as parts of radio reception apparatus under item 685.22, TSUS. Therefore, we affirm the judgment below.

Affirmed.