(C.D. 4667)

INTER-MARITIME FORWARDING CO., INC. v. UNITED STATES

Court Nos. 66/60107, etc.

Port of New York

(Decided August 12, 1976)

*Allerton deC. Tompkins* for the plaintiff.

*Rex E. Lee,* Assistant Attorney General (*John J. Mahon,* trial attorney), for the defendant.

FORD, Judge: In this consolidated action, both parties have moved for summary judgment under Rule 8.2, Rules of the United States Customs Court. The merchandise under consideration was described on the invoices as connectors, sockets, socket contacts, pin contacts, socket inserts, mountings, brackets, and mounting brackets with or

---

without additional words of description. A catalog of the actual importer depicts the various articles on pages 31–34 which the affiant, Jacob Friedland, has circled and initialed "JF" as per his affidavit, paragraph 4, attached to plaintiff's motion for summary judgment.

The merchandise was classified under item 685.90, Tariff Schedules of the United States, or as modified by T.D. 68–9, which provides as follows:

> Electrical switches, relays, fuses, lightning arresters, plugs, receptacles, lamp sockets, terminals, terminal strips, junction boxes and other electrical apparatus for making or breaking electrical circuits, for the protection of electrical circuits, or for making connections to or in electrical circuits; switchboards (except telephone switchboards) and control panels; all the foregoing and parts thereof.

Since the articles are designed and used in audio circuits plaintiff contends they are not provided for in item 685.90, Tariff Schedules of the United States, citing *Midland International Corp.* v. *United States*, 62 Cust. Ct. 164, C.D. 3715, 295 F. Supp. 1101 (1969); *General Electric Company* v. *United States*, 63 Cust. Ct. 140, C.D. 3887 (1969), aff'd, 58 CCPA 152, C.A.D. 1021, 441 F. 2d 1186 (1971); *Rembrandt Electronics, Inc.* v. *United States*, 75 Cust. Ct. 103, C.D. 4613, 405 F. Supp. 588 (1975) (*appeal pending*). Accordingly, plaintiff claims the proper classification for such articles is provided for in item 688.40, Tariff Schedules of the United States, or as modified by T.D. 68–9, which reads as follows:

> Electrical articles, and electrical parts of articles, not specially provided for.

The evidence supporting plaintiff's motion for summary judgment consists of an affidavit of Jacob Friedland, vice president of the actual importer, a catalog of the actual importer depicting the imported articles, and interrogatories obtained pursuant to rule 6.3 of the rules of this court which were answered by Mr. Friedland.

At the outset, I note the classification of the involved merchandise was made under item 685.90, Tariff Schedules of the United States, which covers 15 types of items all carrying the same rate of duty. Under such circumstances, where a specific classification is not made, no presumption of correctness attaches to the classification. *Broadway-Hale Stores, Inc.* v. *United States*, 63 Cust. Ct. 194, C.D. 3896 (1969) and cases cited therein. It is, however, incumbent upon plaintiff to establish the correctness of its claim.

Item 688.40, *supra*, under which plaintiff claims, is a basket provision for electrical articles and it contains a "not specially provided for" clause. The imported items of merchandise are in fact electrical

articles. However, they are also or at least some of them are "receptacles" or "plugs" and all of them are articles "for making connections to or in electrical circuits." Whether they are receptacles, plugs or articles for making connections to or in electrical circuits is immaterial if they are designed for use in audio circuits under the principles set forth in the *Midland* and *General Electric* cases, *supra*. However, if they are capable of use in power circuits then item 685.90, *supra*, which does not contain a "not specially provided for" clause is more specific and must prevail.

The affidavit and interrogatories insofar as are pertinent to this decision establish the imported articles to be rated at 15 amperes and 200 volts. The catalog attached to plaintiff's motion also confirms this fact. While the court may take judicial notice of the fact that these ratings are equivalent to power function, it does not *ipso facto* establish them as such. It is conceivable that for some audio functions such ratings would be necessary or desirable. The use of the articles according to Friedland is for audio use. There is no testimony to dispute this. In the interrogatories Mr. Friedland indicated that a power use would be dangerous as the cases of the imported articles are metal and are not insulated. A review of the catalog prepared under the direction of Mr. Friedland indicates that all of the plugs involved have nylon insulators and many of the receptacles are also insulated.

Based upon the facts before me the court concludes that the imported merchandise is more specifically provided for under item 685.90, *supra*, because of the high ratings, 15 amperes and 200 volts, and the evidence adduced establishing insulation of the articles.

The motion of plaintiff for summary judgment is therefore denied and defendant's cross-motion for summary judgment is granted.

Judgment will be entered accordingly.