**1154**

The UNITED STATES, Appellant,

v.

REMBRANDT ELECTRONICS,
INC., Appellee.

Customs Appeal No. 76–4.

United States Court of Customs
and Patent Appeals.

Oct. 21, 1976.

Rex E. Lee, Asst. Atty. Gen., Washington, D. C., Andrew P. Vance, Chief, Customs Section, Ira J. Grossman, Edmund F. Schmidt, New York City, attys. of record, for appellant.

Shaw & Stedina, New York City, attys. of record, for appellee; Charles P. Deem, New York City, of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MARKEY, Chief Judge.

The United States appeals from the judgment of the United States Customs Court, 405 F.Supp. 588, 75 Cust.Ct. ——, C.D. 4613 (1975) sustaining appellee's (Rembrandt's) claim that certain imported television antenna switches are classifiable as "television apparatus, and parts thereof," under item 685.20 of the Tariff Schedules of the United States (TSUS) rather than as "electrical switches" under item 685.90. We reverse.

The imported merchandise consists of rotary television antenna switches made in Japan for Rembrandt in accordance with specifications in U.S. patent number 2,585,-670 for a television antenna system.

The Patent specification teaches use of the imported switch for alternatively connecting different combinations of television antenna arms to produce improved picture quality or reception for a given station. Rembrandt, a licensee under the patent, used the switches solely in the manufacture of indoor television antennas.

The switches were originally classified by the Regional Commissioner under item 685.-90, TSUS, which reads:

Part 5: ELECTRICAL MACHINERY
AND EQUIPMENT

\* \* \*

Item 685.90 Electrical switches, relays, fuses, lightning arresters, plugs, receptacles, lamp sockets, terminals, terminal strips, junction boxes and other electrical apparatus for making or breaking electrical circuits, for the protection of electrical circuits, or for making connections to or in electrical circuits; switchboards (except telephone switchboards) and control panels; all the forgoing and parts thereof ..............17.5% ad val.

Rembrandt's contention, sustained by the Customs Court, was that the switches were more properly classifiable under item 685.-20:

Item 685.20 Radiotelegraphic and radiotelephonic transmission and reception apparatus; radiobroadcasting and television transmission and reception apparatus, and television cameras; record players, phonographs, tape recorders, dictation recording and transcribing machines, record changers, and tone arms; all of the foregoing, and any combination thereof, whether or not incorporating clocks or other timing apparatus, and parts thereof:

\* \* \*

Radiotelegraphic and radiotelephonic transmission and reception apparatus; radiobroadcasting and television transmission and reception apparatus, and parts thereof:
Television apparatus, and parts thereof ........10% ad val.

Another pertinent statutory provision is:

10. *General interpretative rules.*—For the purposes of these schedules—

\* \* \* \* \* \*

(ij) a provision for "parts" of an article covers a product solely or chiefly used as a part of such article, but does not prevail over a specific provision for such part.

The Customs Court grounded its decision on the premise that item 685.90 "has been held to relate to electrical power applications," relying on *Midland International Corp. v. United States*, 295 F.Supp. 1101, 62 Cust.Ct. 164, C.D. 3715 (1969), and *General Electric Co. v. United States*, 63 Cust.Ct. 140, C.D. 3887 (1969), aff'd, 441 F.2d 1186, 58 CCPA 152, C.A.D. 1021 (1971). The Customs Court stated:

The switches herein have been established by competent testimony to be utilized in the antenna portion which picks up the transmitted television signal. Such application is not a power circuit and hence the involved switch is not the type intended to be covered by said item 685.90, *supra.*

\* \* \* \* \* \*

Inasmuch as said articles are not switches within the scope of item 685.90, *supra*, they are consequently not governed by rule 10(ij), *supra.*

Because the switches had been manufactured to precise specifications, to fit and make operative the patented television antenna system, and because the government conceded that the switches were used exclusively in television antennas, the court sustained Rembrandt's claimed classification as "parts of television reception apparatus" under item 685.20.

OPINION

The distinction between "electrical power circuits" and "low current audio circuits" upon which the Customs Court relied had its genesis in *Midland International Corp. v. United States*, supra. There the Customs Court was faced with a protest to the classification of certain connectors, jacks and plugs under item 685.90. The importer claimed that the merchandise should fall under item 685.50 as "Other" articles of that section. The Customs Court held that the importer had failed to prove sole or chief use of the merchandise as required by Rule 10(ij) and, therefore, overruled the protest. In addition, however, the Customs Court stated that "[a] careful reading of item 685.90 establishes to our satisfaction

**1156**

that all of the articles enumerated therein are for use in power circuits." Although that conclusion was dictum, it seems to have been emphasized in later opinions of this court containing overly broad language directed to the scope of item 685.90. In *United States v. General Electric Co.*, 441 F.2d 1186, 58 CCPA 152, C.A.D. 1021 (1971), the court agreed with the classification of certain radio earphone jacks, very similar to those in *Midland*, under item 685.22 rather than under 685.90. The rationale for doing so, however, was the relative specificity of the competing provisions:

> We conclude with the Customs Court that "other electrical apparatus for making or breaking electrical circuits" in item 685.90, TSUS, is not a specific provision for the imported jacks, and that the jacks are properly classifiable as parts of radio reception apparatus under item 685.22, TSUS. Therefore, we *affirm* the judgment below. [441 F.2d at 1189, 58 CCPA at 156.]

Language elsewhere in our *General Electric* opinion has nonetheless been construed as approving the Customs Court's earlier statement that *Midland* "held that items enumerated in item 685.90 were intended for use in power circuits and did not cover items suitable for use only in low current audio circuits." *General Electric Co. v. United States*, 63 Cust.Ct. 140, 144, C.D. 3887 (1969). Upon careful review, we are convinced that no basis exists for that distinction.

■ The plain language of item 685.90 reveals no evidence of a legislative intent to impose limitations on the magnitude of electric current an electrical switch might carry. Cf. *United States v. Ampex Corp.*, 460 F.2d 1086, 59 CCPA 134, C.A.D. 1054 (1973); compare *Castelazo and Ass. v. Unit-*

ed States, 69 Cust.Ct. 34, C.D. 4371 (1972), with *Inter-Maritime Forwarding Co. v. United States*, 77 Cust.Ct. ——, C.D. 4667 (1976). Neither does that plain language make any distinction between electric power and audio-type circuits. In the absence of evidence to the contrary, the common meaning of the words must prevail. *United States v. C. J. Tower & Sons*, 48 CCPA 87, 89, C.A.D. 770 (1961). Item 685.90 must therefore be deemed to apply to the merchandise enumerated therein without regard to whether the circuit in which it is used is a power or low-current circuit.[1]

■ Departures from precedent are not favored, but stare decisis must give way when restudy of the facts and issues clearly shows error in earlier opinions.[2] *H. W. Robinson Air Freight Corp. v. United States*, 48 CCPA 148, C.A.D. 782 (1961). Past references to an artificial "power" distinction in item 685.90 constitute error requiring correction.

■ Because the imported switches are parts particularly designed for specific and sole use with television antennae, they fall within the first portion of General Interpretative Rule 10(ij). The government argues, however, that the provision for electrical switches more definitely describes the article and therefore must prevail over a "parts" provision, by virtue of the second portion of Rule 10(ij), and we agree.

The judgment of the Customs Court is *reversed*.

---

1. Our conclusion on the issue does not disturb the result reached in *United States v. John V. Carr & Son, Inc.*, 61 CCPA 41, C.A.D. 1116, 495 F.2d 771 (1974). We properly found the control boards there involved to be classifiable under item 685.90, though dictum in our opinion repeated the power versus audio or low-current circuit distinction appearing in *General Electric* and *Midland*.

2. Appellee cites seven cases in which agreed statements of fact have been submitted in reliance on *General Electric*. A close review shows that all of these cases dealt with the same type jacks which were involved in *General Electric*. The present opinion, therefore, has no effect on any of those cases.