The **UNITED STATES**, Appellant,

v.

**AVDEL CORPORATION**, Appellee.

**Customs Appeal No. 76–2.**

United States Court of Customs and Patent Appeals.

Jan. 13, 1977.

Rex E. Lee, Asst. Atty. Gen., Washington, D. C., Andrew P. Vance, Chief, Customs Section, Saul Davis, New York City, for the United States.

Rode & Qualey, New York City, attorneys of record, for appellee, Michael S. O'Rourke, New York City, of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MILLER, Judge.

This appeal is from the order of the United States Customs Court, 75 Cust.Ct. ——, P75/510 (1975), granting appellee's motion for summary judgment on the basis of the decision on identical merchandise in *Avdel Corp. v. United States*, 73 Cust.Ct. 200, C.D. 4575 (1974) (hereinafter the "first *Avdel*

case"). In awarding summary judgment, the Customs Court held that the merchandise, which had been classified under item 657.20, TSUS, "Articles of iron or steel, not coated or plated with precious metal: * * Other," was more properly classified as "Rivets * * * : Of iron or steel and not brightened, not lathed, and not machined" under item 646.40, TSUS. We reverse and remand.

### The Importation

The goods are described only as rivets composed of aluminum and iron or steel. Their actual composition or construction is not before the court, but both parties agree that the component of chief weight is either iron or steel.

#### Statutory Provisions

SCHEDULE 6.—METALS AND METAL PRODUCTS

\* \* \* \* \* \*

Schedule 6 headnotes:

\* \* \* \* \* \*

2. For the purposes of the tariff schedules, unless the context requires otherwise—

\* \* \* \* \* \*

(b) the term *"base metal"* embraces aluminum. antimony, arsenic, barium, beryllium, bismuth, boron, cadmium, calcium, chromium, cobalt, columbium, copper, gallium, germanium, hafnium, indium, iron, lead, magnesium, manganese, mercury, molybdenum, nickel, rhenium, the rare-earth metals (including scandium and yttrium), selenium, silicon, strontium, tantalum, tellurium, thallium, thorium, tin, titanium, tungsten, uranium, vanadium, zinc, and zirconium, and base-metal alloys;

\* \* \* \* \* \*

(d) in determining which of two or more equally specific provisions for articles "of iron or steel", "of copper", "of aluminum", or "of" other base metals applies to an article containing two or more base metals and wholly or in chief value [1] thereof, the classification shall be made according to the base metal which predomi-

1. With respect to chief value, General Headnotes and Rules of Interpretation provides, as follows:

10. *General Interpretative Rules.* For the purposes of these schedules—

nates by weight over each of the other base metals rather than according to the base metal in chief value.

\* \* \* \* \* \*

PART 3.—METAL PRODUCTS

\* \* \* \* \* \*

Subpart D.—Nails, Screws, Bolts, and Other Fasteners; \* \* \*

\* \* \* \* \* \*

Rivets of base metal:

| | | |
|---|---|---|
| 646.40 | Of iron or steel and not brightened, not lathed, and not machined | 0.5¢ per lb. |
| 646.41 | Other | 14% ad val. |

\* \* \* \* \* \*

Subpart G.—Metal Products Not Specially Provided For

\* \* \* \* \* \*

Articles of iron or steel, not coated or plated with precious metal:

\* \* \* \* \* \*

Other articles:

| | | |
|---|---|---|
| 657.20 | Other | 19% ad val. |

\* \* \* \* \* \*

| | | |
|---|---|---|
| 657.40 | Articles of aluminum, not coated or plated with precious metal | 19% ad val. |

### Background

In the first *Avdel* case, *supra*, the goods were classified under item 657.20, TSUS, as other articles of iron or steel, and the importer claimed classification under item 646.40, TSUS, as rivets of iron or steel or in the alternative under item 646.41, TSUS, as rivets of other base metal. The central issue was whether or not the articles were rivets. Having determined that the articles were rivets, the Customs Court, relying upon Customs classification under item 657.20 as articles of iron or steel rather than under item 657.40 as articles of aluminum, assumed that the iron or steel component was the component of chief value, and held that the goods should be classified under item 646.40.

\* \* \* \* \* \*

(f) an article is in chief value of a material if such material exceeds in value each other single component material of the article;

In the case before us, the Customs Court noted that its assumption in the first *Avdel* case was incorrect, but said that this did not affect either the first *Avdel* case or this case because (1) *weight* determines the choice between classification under items 657.20 and 657.40 and between items 646.40 and 646.41, (2) the weight of the steel in the subject rivets exceeds that of the aluminum therein, and (3) the identity of the merchandise as "rivets" is not at issue, so that the choice must be made between items 646.40 and 646.41. Accordingly, the Customs Court upheld classification under item 646.-40, as claimed by appellee (and as determined in the first *Avdel* case).

## OPINION

This case turns on the meaning of the phrase "equally specific" in headnote 2(d). If items 646.40 and 646.41 are "equally specific," appellee's rivets must be classified under item 646.40, because of (1) the finding by the Customs Court that the weight of the steel in the rivets exceeds that of the aluminum therein, and (2) the finding by the Customs Court in the first *Avdel* case that identical rivets (such identity not being challenged by the government) were "not brightened, not lathed, and not machined." However, if items 646.40 and 646.41 are not "equally specific," the award of summary judgment by the Customs Court must be reversed, for there would clearly be an issue

of fact—the chief value as between the steel and aluminum in appellee's rivets.

Headnote 2(d) plainly shows Congressional concern over *provisions* wherein the *sole difference* there-between was the base metal of which the article was made.[2] Thus, the *Tariff Classification Study,* Schedule 6, at 2 (1960), states (in the context of equally specific provisions):

> Insofar as *comparisons of base metals are concerned under headnote 2(d),* for tariff classification purposes comparisons of base-metal components with each other would be made on a weight basis rather than according to their respective values. [Emphasis added.]

*Webster's Third New International Dictionary* (unabr. 1961) defines "equally" as " . . . 2.: to an equal degree . .." Plainly items 646.40 and 646.41 do not describe appellee's rivets of base metal steel and base metal aluminum, not brightened, not lathed, and not machined, to an equal degree.[3] Item 646.40, covering rivets of base metal steel, *not brightened, not lathed, and not machined,* states requirements that are more precise and, therefore, provides for appellee's rivets with a greater degree of accuracy than does item 646.41, encompassing rivets of aluminum *regardless* of whether they are brightened, lathed, or machined.[4] See *Broderick & Bascom Rope Co. v. United States,* C.A.D. 1053, 460 F.2d

---

**2.** For example, items 642.06, 642.08, and 642.-10, TSUS:

> Strands, ropes, cables, and cordage, all the foregoing, of wire, whether or not cut to length, and whether or not fitted with hooks, swivels, clamps, clips, thimbles, sockets, or other fittings or made up into slings, cargo nets, or similar articles:
>
> Not fitted with fittings and not made up into articles:
>
> Not covered with textile or other nonmetallic material:
>
> Wire strand:

| | |
|---|---|
| 642.06 | Of nickel . . . . . . . . . . . . .  .  . |
| 642.08 | Of stainless steel . . . . . .  .  . . |
| 642.10 | Other . . . . . . . . . . . . . . .  .  . |

**3.** General headnote 10(c) provides:

> [A]n imported article which is described in two or more provisions of the schedules is classifiable in the provision which most specifically describes it . . . ..

It would follow that the meaning of "equally specific" is with reference to the imported article. See *Fink v. United States,* 170 U.S. 584, 18 S.Ct. 770, 42 L.Ed. 1153 (1898).

**4.** Nevertheless, the dissenting opinion ignores the common meaning of "equally" and says that items 646.40 and 646.41 *are* equally specific because they are "defined in terms of one another." Contrary to the impression advanced by the dissenting opinion that Congress intended that comparisons between base metal components always be on a relative weight basis, headnote 2(d) clearly provides for a relative value basis where the provisions are not equally specific.

1070, 59 CCPA 130 (1972); *United States v. Simon Saw & Steel Co.,* 51 CCPA 33, C.A.D. 834 (1964); *Wilfred Schade & Co. v. United States,* 62 Cust.Ct. 138, C.D. 3701, 295 F.Supp. 1117 (1969).

By ignoring the common meaning of the phrase "equally specific," the Customs Court would effectively read the phrase out of headnote 2(d). Absent evidence of Congressional intent to the contrary, the common meaning controls. *James v. United States,* 48 CCPA 75, C.A.D. 768 (1961).

Accordingly, the award of summary judgment by the Customs Court is *reversed.*

Appellant points out that the main superior heading, "Articles of iron or steel, not coated or plated with precious metal:" (which encompasses item 657.20), is equally specific to the main superior heading, item 657.40, "Articles of aluminum, not coated or plated with precious metal." Classification by the Customs Service under 657.20 was, therefore, presumptively made on the basis of weight. Thus, there is no evidence of chief value of steel or aluminum. Therefore the case must be *remanded* for determination of chief value as between these metals in order to determine whether item 646.40 or 646.41 applies.

BALDWIN, Judge, dissenting.

I feel that the competing provisions (646.-40 and 646.41) are "equally specific," and that the classification of the rivets at bar should, therefore, be made according to the "chief weight" test rather than the "chief value" test. There do not appear to be any prior decisions which clarify the meaning of the words "equally specific." Nor does the legislative history of Schedule 6 expressly disclose the meaning of "equally specific." I feel, however, that the legislative history does indicate an intent on the part of Congress to apply a chief weight test, rather than a chief value test, with respect to base metal compositions. For example, the *Tariff Classification Study,* Schedule 6, at 2 (1960) reads:

> In the headnotes to part 2 of this schedule, attention is given to the definition of base-metal alloys. It is proposed to classify such alloys according to the component metal which predominates by weight over each of the other metal components rather than according to their component metal of chief value as is done under present customs practice. Proposed schedule headnote 2(d) is a complementary proposal. Insofar as comparisons of base metals are concerned under headnote 2(d), for tariff classification purposes comparisons of base-metal components with each other would be made on a weight basis rather than according to their respective values. This does not necessarily mean that all the copper in an article would be compared with all of the iron, nickel, or aluminum. As specified in the headnotes of part 2, any base metal which is used as an alloying element would be treated as the base metal in the alloy which predominates by weight. Thus, copper or nickel in alloy steel would be included as part of the weight of the steel.

The *Tariff Classification Study,* Submitting Report at 12–13 (1960) states:

> Sometimes the chief-value description presents troublesome questions as to the order and nature of the processing steps involved abroad in the production of the article. Differences in production techniques and changing cost factors from time to time or from producer to producer (especially in different countries) may result in like articles being classified differently.

> In the proposed schedules, the problems associated with the chief-value concept have been reduced substantially, but have not been entirely eliminated. However, a

material improvement has been brought about by standardization of language. Also, *the incidence of such descriptions has been significantly and realistically curtailed by the proposed shift from the chief-value concept to weight as the basis for classifying metal alloys and composite articles of two or more base metals,* and by "carving out" from the various existing "basket" provisions based on component material of chief value many new classes of articles and providing for them at a single compromise rate wherever possible regardless of the component material. [Emphasis ours.]

A basic rule of statutory construction is that statutes must be interpreted in a manner such that the intent of Congress will be given effect. *United States v. Clay Adams Co.,* 20 CCPA 285, T.D. 46078 (1932). The intent of Congress in this matter is clear. For tariff classification purposes, comparisons between base metal components are to be made on a relative *weight* basis rather than according to relative *value.* Thus, the words "equally specific" should be given a broad rather than a narrow interpretation in order to give effect to the expressed Congressional intent.

General headnote 10(c) of the TSUS codifies the rule of "relative specificity."

(c) an imported article which is described in two or more provisions of the schedules is classifiable in the provision which most specifically describes it * * *.

This rule applies only when the imported article is *described* in two or more provisions. *United States v. Ampex Corp.,* C.A.D. 1054, 460 F.2d 1086, 59 CCPA 134 (1972); *Broderick & Bascom Rope Co. v. United States,* C.A.D. 1053, 460 F.2d 1070, 59 CCPA 130 (1972). I believe that the words "equally specific" have been used by Congress in order to contrast with the rule of "relative specificity" codified in general headnote 10(c). Thus, coordinate provisions such as 646.40 and 646.41, which are *mutu-*

*ally exclusive,* and hence cannot both be specific *relative* to the same imported article, are *equally* specific when, as here, the particular provisions are defined in terms of one another. Provisions which overlap, and are therefore subject to the "relative specificity" provision, are not equally specific. Thus item 646.40 includes rivets of iron or steel which are not brightened, lathed, or machined, and item 646.41 includes those rivets of other base metals, plus iron or steel rivets that are brightened, lathed, or machined. The phrase "other base metals" is not a catch-all provision in the usual sense, but a shorthand notation for listing each and every metal in headnote 2(b) which has not already been listed.

This interpretation is consistent with the above-cited legislative history in that the words "equally specific" are given a broad, rather than a narrow, construction. In contrast, the majority adopts a narrow interpretation. I agree with the majority's initial recognition that headnote 2(d) at least covers the situation in which the *sole* distinction between competing provisions is the metal of which the goods are made.[1] The majority then derives and applies another test which addresses whether the competing provisions "describe" the goods in question "to an equal degree."[2] I am unable to find a basis in either the statute or the legislative history for this test. It is not clear to me how the "common meaning" of *specific* was derived or even whether it was considered in the majority's "common meaning" definition of *equally specific.*

Since the first *Avdel* case held that identical merchandise is properly classifiable as rivets and the decision has not been challenged by appellants, and since the parties agree that the rivets at bar are in chief weight of iron or steel, I agree with the Customs Court that the importer has met his burden of proving first, that classification under item 657.20 was incorrect and second, that classification under item 646.40 is proper.

1. See majority's text accompanying note 2.

2. See majority's text accompanying note 3.